| | | | |
|---|---|---|---|
| Case No. | **CV 18-9685-DMG (FFMx)** | Date | August 13, 2019 |
| Title | *Danielle Borgia, et al. v. Bird Rides, Inc., et al.* | Page | 1 of 7 |

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE PLAINTIFFS' MOTION TO REMAND [19]**

## I.
## BACKGROUND

Plaintiffs filed a class action complaint against Defendants on October 19, 2018 in Los Angeles County Superior Court. [Doc. # 1 ("Notice of Removal"), Ex. E ("Complaint").] They allege 15 causes of action under California law stemming from Defendants' "deployment" of "defective '[s]cooters'" into streets and public areas in California. *Id.* at ¶ 7. Defendant Segway, Inc., a corporate citizen of Delaware and New Hampshire, removed the action to this Court under the Class Action Fairness Act ("CAFA") on November 16, 2019. Notice of Removal. Plaintiff filed the instant Motion to Remand on January 25, 2019. [Doc. # 19 ("MTR").] The MTR is fully briefed.[1] [Doc. # 21 ("Opp."), 22 ("Reply").] For the following reasons, the Court **DENIES** the MTR, without prejudice to a clarifying amendment as to the citizenship of the proposed class members.

## II.
## LEGAL STANDARD

Generally, courts determine whether an action is removable based on the complaint as it existed at the time of removal. 28 U.S.C. § 1332(d)(7); *Doyle v. OneWest Bank*, 764 F.3d 1097, 1098 (9th Cir. 2014). Defendants may remove a class action filed in state court under CAFA "when, among other conditions, the parties are minimally diverse and the amount in controversy exceeds $5,000,000." *Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010, 1012 (9th Cir. 2011). There are two exceptions to this rule, however: the local controversy and the home-state controversy. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1022 (9th Cir. 2007). The Ninth Circuit has explained that, if a case satisfies either of these two exceptions, the federal court has

---

[1] Segway represents that every Defendant joins in the Opposition to the MTR. Opp. at 1. Since the parties briefed the motion, however, they have agreed to dismiss Defendant Xiaomi USA, Inc. [Doc. # 28.]. The term "Defendants" shall therefore only include Bird Rides, Inc., Neutron Holdings, Inc. ("Lime"), and Segway.

jurisdiction over the case, but must refuse to exercise that jurisdiction. *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 869 (9th Cir. 2013).

The local controversy exception, the exception relevant to this case, applies when:

> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
> (II) at least 1 defendant is a defendant—
> > (aa) from whom significant relief is sought by members of the plaintiff class;
> > (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
> > (cc) who is a citizen of the State in which the action was originally filed; and
> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed . . . .

*Coleman*, 631 F.3d at 1013 (citing 28 U.S.C. § 1332(d)(4)(A)(i)). Plaintiffs moving to remand an action under the local controversy exception bear the burden of showing that it applies. *Id.*

## III.
## DISCUSSION

The parties' dispute concerning the local controversy exception concerns section 1332(d)(4)(A)(i)(I)—the situation where more than two-thirds of the putative class members are citizens of California. Defendants claim that (1) Plaintiff's class definitions fail to satisfy that element and (2) Plaintiffs have put forth no evidence showing that greater than two-thirds of the putative class have California citizenship. Plaintiffs assert that their intent was always to limit the class to California citizens, even if the Complaint does not explicitly reflect that intent.

Plaintiffs' class definitions are as follows:

> a. *All individuals* who have been, will be and/or are endangered of being injured and/or damaged (whether suffering personal and/or property damages and/or injuries) by Scooters deployed by Bird, within the last two (2) years and continuing while this action is pending (the "Class Period"), while riding one of Bird's Scooters (the "Bird Rider Subclass"), with the Rider Plaintiff as the class representative for the Bird Rider Subclass (the "Bird Rider Representative");

    b. *All individuals* who have been, will be and/or are endangered of being injured and/or damaged (whether suffering personal and/or property damages and/or injuries) by Scooters owned, operated and/or maintained by Bird, within the Class Period, by any individual riding a Scooter and/or leaving a Scooter in Public Places (the "Bird Pedestrian Subclass," and collectively with the Bird Rider Subclass as, the "Bird Class Members"), including, but not limited to, pedestrians, motorists, bicyclists and wheelchair users, with the Bird Pedestrian/Public Plaintiffs as the class representatives for the Bird Pedestrian Class (the "Bird Pedestrian/Public Representatives," and together with the Bird Rider Representative, as the "Bird Representatives");

    c. *All individuals* who have been, will be and/or are endangered of being injured and/or damaged (whether suffering personal and/or property damages and/or injuries) by Scooters deployed (as defined above) by Lime, within the Class Period, while riding one of Lime's Scooters (the "Lime Rider Subclass"), with the Rider Plaintiff as the class representatives for the Lime Rider Class (the "Lime Rider Representative"); and

    d. *All individuals* who have been, will be and/or are endangered of being injured and/or damaged (whether suffering personal and/or property damages and/or injuries) by Scooters owned, operated and/or maintained by Lime, within the Class Period, by any individual riding a Scooter and/or leaving a Scooter in Public Places (the "Lime Pedestrian Subclass," and collectively with the Lime Rider Class as, the "Lime. Class Members"), including, but not limited to, pedestrians, motorists, bicyclists and wheelchair users, with the Lime Pedestrian/Public Plaintiffs as the class representatives for the Lime Pedestrian Class (the "Lime Pedestrian/Public Representatives," and collectively with the Lime Rider Representative as, the "Lime Representatives").

Complaint at ¶ 29 (emphasis added). These definitions plainly do not limit the classes to citizens of California. On its face, therefore, the Complaint does not appear to qualify for the local controversy exception.

      Despite that fact, Plaintiffs make two main arguments in favor of remand. They first argue that paragraph 30 of the Complaint makes clear that the classes only include California citizens. It states that "[t]he classes of said persons within the State of California are so numerous that the joinder of all members is impracticable, and the disposition of their claims in a class action is a benefit to the parties, the Court and the State of California as a whole." *Id.* at ¶ 30. While that language may evince Plaintiffs' intent, that language on its face may describe only certain individuals within the overall class definitions "within the State of California." Put differently, it

leaves room for others within the class that are non-California citizens. Indeed, the Ninth Circuit has held that similar language is insufficient by itself to satisfy the "two-thirds" element of the local controversy exception. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013) (finding that language limiting a class to those who "purchased a vehicle in California" did not satisfy the two-thirds element because it was likely that an unknown number of those purchasers were not California citizens). Thus, that language is not enough to show that Plaintiffs have met the two-thirds requirement.[2]

Plaintiffs' stronger argument is that *Benko v. Quality Loan Serv. Corporation* permits plaintiffs to amend their Complaint "after removal to clarify issues pertaining to federal jurisdiction under CAFA." 789 F.3d 1111, 1117 (9th Cir. 2015). They invoke *Benko* to request permission to amend the Complaint to "clarify" that the putative classes only include California citizens. Reply at 4-10. Defendants respond that the Ninth Circuit severely limited *Benko*'s application and foreclosed this exact jurisdictional maneuver in *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1277 (9th Cir. 2017).[3]

This case does not perfectly mirror either *Benko's* or *Broadway Grill*'s facts and reasoning. The *Benko* court permitted plaintiffs to amend their complaint post-removal, but those plaintiffs did not attempt to change their class definition. Instead, they sought to amend the complaint to clarify the percentage of their claims that were against an in-state defendant—a consideration relevant to whether that defendant was "a significant defendant from whom relief is sought" under section 1332(d)(4)(A)(i)(II)(aa). *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1117 (9th Cir. 2015). Unlike *Benko*, Plaintiffs seek to amend their class definition to clarify that it includes only California citizens.

*Broadway Grill* described the issue before the court as "whether plaintiffs may amend their complaint, after a case has been removed to federal court, to change the definition of the class *so as to eliminate minimal diversity* and thereby divest the federal court of jurisdiction.[4] *Broadway*

---

[2] Plaintiffs also argue that the Complaint, "the Complaint, when read as a whole, evidences that at least two-third[s], if not all of the proposed plaintiff classes are California citizens." Reply at 1. But without a more clearly-defined class definition or any *evidence* that two-thirds of the putative class members have California citizenship, the general allegations are insufficient to satisfy the local controversy exception. *See Mondragon*, 736 F.3d at 884 (plaintiffs opposing CAFA jurisdiction must "present *evidence* upon which the district court may rely to find'") (emphasis added).

[3] While *Benko* and *Broadway Grill* ostensibly deal with the same general subject matter, the *Broadway Grill* court made clear that it did not overrule *Benko*. *Broadway Grill*, 856 F.3d at 1279 ("[W]e respect rather than overrule *Benko*.").

[4] In that case, all of the defendants were citizens of both Delaware and California. *Id.* at 1276. Therefore, the plaintiffs' attempt to amend the class definition after removal to include only citizens of California would have made all class members' citizenship the same as all defendants.

*Grill*, 856 F.3d at 1275 (emphasis added). Here, the result of Plaintiffs' amendment would not be to eliminate jurisdiction by destroying minimal diversity—after all, Segway would still be a citizen of Delaware and New Hampshire regardless of Plaintiffs' class definition.[5] Rather, consistent with their original intent, Plaintiffs wish to explain that their proposed classes' definitions include only California citizens, such that the Court can determine how to apply the local controversy exception *despite* the undisputed existence of minimal diversity. That distinction, although seemingly a matter of semantics, is important in the Ninth Circuit. *See Visendi*, 733 F.3d at 869–70 (holding that the local controversy and home-state exceptions are "not jurisdictional" because they "provide[] that district courts 'shall decline to exercise jurisdiction' in certain circumstances. . . . [I]mplicit in the statutory text is that the court has jurisdiction, but the court . . . must decline to exercise such jurisdiction.") (internal quotations omitted); *see also Overview*, 2 Newberg on Class Actions § 6:19 (5th ed.) ("Courts have uniformly interpreted the . . . the home-state and local controversy exceptions[] as not being prima facie elements of federal subject matter jurisdiction. That is so because the exceptions are phrased as enabling the federal court to 'decline to exercise jurisdiction,' a phrase that presupposes the existence of jurisdiction."). Accordingly, even though *Broadway Grill* clearly precludes post-removal amendments that change class definitions to destroy minimal diversity and eliminate subject matter jurisdiction, its description of the issue it confronted leaves open the possibility that *Benko* requires courts to allow post-removal amendments of class definitions which leave minimal diversity jurisdiction intact, but preclude courts from exercising that jurisdiction.

Adding to the lack of clarity, *Broadway Grill* also contains other language that arguably both supports and counsels against permitting an amendment in this case. On one hand, the decision states that amendments that "change[] the definition of the class itself," rather than "provide an explanation of the allegations" are "outside the exception recognized in *Benko*." *Broadway Grill*, 856 F.3d at 1277-78. On the other, the court held that *Benko* properly permitted the amendment "to clarify[] the relationship between the parties" so that " the district court could decide whether remand to state court was appropriate under the local controversy exception."

Given the factual dissimilarities between *Benko*, *Broadway Grill*, and this case, and *Broadway Grill*'s seemingly conflicting language, *Broadway Grill* has not completely cured the "uncertainty . . . as to when post-removal amendments may be allowed." *Id.* at 1276. In the absence of clear Ninth Circuit guidance to the contrary, therefore, the Court concludes that, for

---

[5] Even though Defendants Bird and Lime are California citizens, Plaintiffs' proposed amendment would not destroy minimal diversity because Segway would be from a different state than every Plaintiff in a class made up of exclusively California citizens. *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 165 (2014) (CAFA's minimal diversity requirement means that "a federal court may exercise jurisdiction over a class action if any member of a class of plaintiffs is a citizen of a State different from any defendant.") (internal quotations omitted).

several reasons, Plaintiffs' proposed amendment is more of a *Benko*-style clarification than a *Broadway Grill*-style wholesale jurisdictional shift.

First, as *Benko* recognized, since Plaintiffs filed their Complaint in state court, they did not have to address CAFA's requirements at the time of filing. *See Benko*, 789 F.3d at 1116 ("[T]here is a possibility that a class action may be removed to federal court, with a complaint originally drafted for state court. The state court complaint, in turn, may not address CAFA-specific issues, such as the local controversy exception. By amending their complaint in these circumstances, plaintiffs can provide a federal court with the information required to determine whether a suit is within the court's jurisdiction under CAFA."). This makes sense, because a California plaintiff filing a complaint in state court alleging solely state law causes of action may not see the need to specify the citizenship of the class members in the class definition. Allowing an amendment to clarify any information specific to CAFA exceptions that Plaintiffs may have omitted from their Complaint, so long as that amendment does not change any fundamental jurisdictional facts, appears to adhere to *Benko* without violating *Broadway Grill*.

Second, none of the Rule 15 amendment factors that *Benko* considered—bad faith, undue delay, prejudice, or futility—suggest that the Court should refuse to permit an amendment. Defendants argue that an eventual remand to Los Angeles Superior Court could prevent them from removing the case in the future, but the Ninth Circuit has established that "a defendant who fails in an attempt to remove on the initial pleadings can file a removal petition when subsequent pleadings or events reveal a new and different ground for removal." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 789 (9th Cir. 2018).

Third, this action appears to be a quintessential California case. The named Plaintiffs are all California citizens. Complaint at ¶¶ 12-20. They allege only California tort claims. And the Complaint, in general, appears to focus on harm suffered within California. *See generally id*.

Fourth, Plaintiffs, as officers of the Court, have represented to the Court that their intention is, and apparently has always been, to limit their proposed classes to California citizens. *See* Complaint, ¶ 30. Plaintiffs' evidence also indicates that they made the same representation to Defendants in meet and confer correspondence, and offered to stipulate to a clarifying amendment, before filing the MTR. Costell Decl. [Doc. # 19-2] at ¶¶ 2-4, Exs. A, B.

These considerations are sufficient, consistent with *Benko*, to justify a clarifying amendment.

## IV.
## LEAVE TO AMEND

While Plaintiffs primarily request that the Court remand the action outright, they do state that "[t]o the extent that the Court requires additional information to resolve any CAFA issues, Plaintiffs respectfully request that the Court remand this action on condition that Plaintiffs amend the Complaint" to make the clarifications discussed above. MTR at 6. The Court shall construe that language as a request for the Court to grant Plaintiffs leave to file a First Amended Complaint.[6] For the reasons explained above, the Court determines that leave to amend is appropriate under the circumstances. Plaintiffs' request is therefore **GRANTED**.

## IV.
## CONCLUSION

In sum, while no Ninth Circuit case has opined on whether district courts should permit post-removal amendments under the precise circumstances that this case presents, the Court concludes that this case is closer to *Benko* than *Broadway Grill*. Plaintiffs' motion to remand is **DENIED** without prejudice to their filing, within 10 days of the date of this Order, a First Amended Complaint, the contents of which the Court expects to be consistent with Plaintiffs' representations to the Court. The parties shall thereafter meet and confer regarding whether the Court must decline to exercise jurisdiction over the action in an effort to resolve the issue without further motion practice. Absent any stipulation or Court intervention as to the applicability of the local controversy exception, Defendants' response shall be due within 15 days after the filing of the First Amended Complaint.

**IT IS SO ORDERED.**

---

[6] Plaintiffs' evidence indicates that they believe they may file a First Amended Complaint as a matter of course under Rule 15. *See* Costell Decl., Ex. B. Given that Rule 15(a) only permits amendments as a matter of course within 21 days of service of the pleading, responsive pleading, or Rule 12 motion, and the fact that all of those periods of time have expired, the Court is unclear as to the basis for Plaintiffs' belief. *See* Fed. R. Civ. P. 15(a). It does not appear that Plaintiffs have asserted that right in their moving papers, however, so the Court need not rule on whether such an amendment is proper. *See* Fed. R. Civ. P. 7(b)(1)(B).